■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO COLON, Appellant.—Judgment, Supreme Court, Bronx County, rendered on September 15, 1976 affirmed. Concur—Birns, Silverman, Evans and Markewich, JJ. Murphy, P. J., dissents in a memorandum as follows: At sentencing, the trial court stated that it would have rendered a verdict of not guilty had it been the trier of facts. I do not find that the verdict was against the weight of the evidence. However, in this extremely close case, the record must be carefully scrutinized to determine whether prejudicial error was committed. CPL 60.35 (subd 1) reads as follows: "1. When, upon examination by the party who called him, a witness in a criminal proceeding gives testimony upon a material issue of the case which tends to disprove the position of such party, such party may introduce evidence that such witness has previously made either a written statement signed by him or an oral statement under oath contradictory to such testimony." At trial, the prosecution called a witness named Bunnie Knott. Knott was asked whether the defendant had admitted to him that he had committed the subject crime. Knott testified that he did not recall any such conversation. Thereupon, the prosecutor began to cross-examine Knott with the transcript of a tape recording between Knott and the police. In the transcript, the witness recounted to the police that the defendant had told him that he had fired randomly into the club and had killed the decedent, Hector Rodriguez. This cross-examination of Knott was improperly permitted under CPL 60.35 (subd 1). *(People v Fitzpatrick,* 40 NY2d 44.) First of all, Knott's testimony did not tend to "disprove" the prosecution's case. It merely failed to assist the prosecution in "proving" its case. Secondly, the transcript of the tape was not a "written statement signed by Knott" nor was it an "oral statement under oath". CPL 60.45 (subd 2, par [b], cl [i]) reads as follows: "2. A confession, admission or other statement is 'involuntarily made' by a defendant when it is obtained from him: * * * (b) By a public servant engaged in

law enforcement activity or by a person then acting under his direction or in cooperation with him: (i) by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate himself". During the defendant's interrogation at the stationhouse, the police encouraged him to confess to manslaughter in order to avoid a murder charge. Thus, there is a danger that the defendant falsely incriminated himself of manslaughter in the hope of avoiding a murder charge. Consequently, his confession must be considered involuntary since it was induced by the improper statements and representations of the police. *(State v Biron,* 266 Minn 272.) Finally, it should be observed that the prosecutor asked Knott, "Did you say in the office, my office yesterday, did you say that the defendant was a former leader of the Black Spades?" The court stated that, if it were the first day of trial, it would have granted a mistrial. After polling the jurors, the court continued the trial. Since the defendant did not testify, he did not put his character in evidence. The prosecutor's question was highly prejudicial since it permitted the jurors to infer that the defendant, as a former leader of the Black Spades, was prone to commit violent crimes. While the court polled the jury as to the effect of the question on their impartiality, the polling did not eradicate the prejudicial effects of the question and probably only served to emphasize them. For the foregoing reasons, I would reverse and order a new trial.